UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **The People of the State of New York,** <br><br> Plaintiff, <br><br> v. <br><br> **Hilary Best,** <br><br> Defendant. | No. 1:23-cv-00026-NRM-LB <br><br> **Memorandum and Order** |

**NINA R. MORRISON**, United States District Judge:

      Defendant Hilary Best, appearing *pro se*, claims that a complainant conspired with arresting officers and the judge now presiding over his pending state court criminal case to file a criminal complaint against him under false accusations, ultimately depriving him of liberty without due process of law. *See* Notice of Removal at 3–4, ECF No. 1. Defendant filed a Notice of Removal seeking to remove his pending criminal case in the Criminal Court of the City of New York, Queens County, Docket Number CR-011739-22QN, for Stalking in the Fourth Degree, and two counts of Harassment in the Second Degree, to this Court, and has paid the required filing fee. *See* Notice of Removal at 1; *see also* ECF No. 2. For the reasons discussed below, the action is remanded to the Criminal Court of the City of New York, Queens County.

## STANDARD OF REVIEW

      To remove a criminal action to federal district court, a defendant

> . . . shall file in the district court of the United States for the district and division within which such prosecution is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil

Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1455(a). If it appears "on the face of a notice of removal" that removal of a criminal case is impermissible, the district court must summarily remand the action to state court. 28 U.S.C. § 1455(b)(4).

## DISCUSSION

Defendant's notice of removal does not establish that removal of this action is proper. State court criminal prosecutions may be removed to federal court in two very limited instances: (1) where the prosecution is directed against a federal officer or member of the armed forces for actions taken under the color of office, *see* 28 U.S.C. §§ 1442(a), 1442a, or (2) where the defendant shows that he has been "denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States." 28 U.S.C. § 1443(1). Courts strictly construe statutory procedures for removal and must "resolve any doubts against removability." *See Taylor v. Medtronic, Inc.*, 15 F.4th 148, 150 (2d Cir. 2021) (citations omitted). Here, Defendant does not allege that he is a federal officer or member of the armed forces being prosecuted for actions taken under the color of office. *See generally* Notice of Removal. Thus, removal of his criminal proceedings is not proper under sections 1442 and 1442a.

Under section 1443(1), a removal petition must satisfy a limited, two-pronged test. "First, it must appear that the right allegedly denied the removal petitioner [in state court] arises under a federal law providing for specific civil rights stated in terms of racial equality." *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (internal quotation marks and citation omitted); *see also Suffolk Cnty. Dep't of Soc. Servs. v. Clarke*, 807 Fed. App'x 133, 135 (2d Cir. 2020) (summary order) ("[T]he Supreme Court has held that [section 1443] applies only to removals based on claims of racial discrimination."). "Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice." *New*

*York v. Smith*, No. 09-CV-2221, 2011 WL 2470065, at *2 (E.D.N.Y. June 17, 2011) (quoting *Johnson*, 421 U.S. at 219). "Second, it must appear on the face of the notice that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of (the) State." *Id.* (citation omitted). "This provision normally requires that the denial be manifest in a formal expression of state law, such as a state legislative or constitutional provision, rather than a denial first made manifest in the trial of the case." *Id.* (citation omitted).

Here, Defendant seeks to remove his state court criminal action to federal court, "upon the grounds that [he is] being subjected to a criminal conspiracy by the prosecuting parties, i.e., the complainant; the arresting police officer; the Queens County District Attorney's Office, and Queens County Criminal Court Judge Denise N. Johnson, J.C.C., to jeopardize my life . . . " Notice of Removal at 1. These grounds stem from Defendant's claims that a criminal complaint for harassment and stalking was filed against Defendant without being "verified," *see id.* at 3, that the judge presiding over Defendant's pending criminal case deprived him of due process by denying his motion to dismiss for lack of timely prosecution, *see id.* at 4, and that the complainant allegedly conspired with the officer who arrested Defendant to subject him to false accusations. *See id.* at 5. But Defendant does not argue that his state court prosecution has resulted or will result in the denial of any federal right to be free from discrimination based on race; nor, in the history of his arrest and prosecution that he details in the petition, does Defendant plead any facts from which a court could find that his prosecution in state court would violate those protected rights. Defendant's allegations thus do not satisfy the requirements for removal under section 1443.

## Conclusion

Accordingly, the Notice of Removal is denied, and this action is remanded to the Criminal Court of the City of New York, Queens County. 28 U.S.C. § 1455(b)(4).

The Clerk of Court is directed to mail a copy of this Memorandum and

Order to Defendant, and to note the mailing on the docket. The Clerk of Court is further respectfully directed to immediately send a certified copy of this Order to the Clerk of the Criminal Court of the City of New York, Queens County, note service on the docket, and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any *in forma pauperis* appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

/s/ NRM
NINA R. MORRISON
United States District Judge

Dated:   January 17, 2023
         Brooklyn, New York